## MUNICIPALITY No. ONE PRAYING FOR THE OPENING OF ORLEANS AVENUE — EXECUTORS OF JOHN McDONOGH, Appellants.

Under the Act of 1832, providing for the opening of streets in New Orleans, there must be published in the newspapers a notice of the day on which the Commissioners will present to the Court their estimate and assessment for confirmation. A certificate of the Clerk of the Court is not evidence of such publication  It must be proved, under oath, as other facts are proved.

APPEAL from the First District Court of New Orleans, *Larue*, J. *Grivot*, for appellants. *Wolf*, for the Municipality.

BUCHANAN, J. This case comes before us upon an assignment of errors to a judgment of homologation of an assessment made by Commissioners, appointed under the provisions of the Act of 1832, page 132, entitled "An Act to regulate the opening, laying out, and improving streets and public places in the City of New Orleans and its suburbs, incorporated and non-incorporated, and in the banlieues of the same."

The only error assigned which requires to be noticed, because we think it is sufficient to remand the cause, is that there was no evidence of the publication by the Commissioners of the notices or advertisements which they are bound to give, according to law.

The law relied upon by appellants is found in Section 3d of the Act of the Legislature above mentioned. It reads as follows: "The said Commissioners shall deposit a copy of such estimate and assessment with the Clerk of the Court by which they were appointed, for the inspection of whomsoever it may concern, and shall give twenty days notice by advertisement, to be published three times within the first fifteen days, in at least two of the public newspapers printed in the City of New Orleans, in the French and English languages, of the day on which the report of said estimate and assessment will be presented to said Court for confirmation."

The report of estimate and assessment appears to have been deposited by the Commissioners in Court on the 2d March, 1852; but we do not find in the record any proof that they published the notice required by law of the day on which they would present said report to the Court for confirmation. What is presented to us by the attorney of the city as proof of this fact, is nothing but a certificate of the Clerk of the Court " that the notices of the Commissioners of estimate and assessment, &c, have been published in the French and English languages, &c." It was clearly no part of the official duty of the Clerk

48

of the Court to give such certificate. The notices were no part of the record; they were not, in fact, to be given by him, but by other persons. He would, no doubt, have been a competent witness to prove the notices; but he was not sworn as a witness, and his certificate must, therefore, go for nothing. It may be remarked, in addition, that even considering the certificate as full proof of all that it contains, it does not show that any, or, if any, what day was stated in the advertisement as that on which the report would be presented to the Court for confirmation.

It is, therefore, adjudged and decreed, that the judgment of homologation of the Court below, appealed from, be reversed, and that the cause be remanded for further proceedings, according to law, the appellee to pay the costs of this appeal.